LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07114 BRO (SSx)** | Date | October 9, 2014 |
|---|---|---|---|
| Title | **SUMMIT ON SIXTH HOMEOWNERS ASSOCIATION V. BIG ROCK PARTNERS, LLC ET AL.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: REMAND

   Plaintiff Summit on Sixth Homeowners Association first filed its Complaint in this matter on January 23, 2014, and first served Defendants with the Complaint on August 15, 2014. (Dkt. No. 8 at 2.) Defendants then removed this action to this Court on September 11, 2014, alleging diversity jurisdiction. (Dkt. Nos. 1, 4.) On October 2, 2014, however, Plaintiff filed a First Amended Complaint, in which it named as additional Defendants three corporations based in California. (Dkt. No. 11.) None of Plaintiff's causes of action arise under federal law. And as diversity has been destroyed by the addition of three Defendants who, like Plaintiff, are California citizens, it remains unclear whether this Court has jurisdiction over this matter.[1] Accordingly, the Court hereby orders each party to show cause as to why this matter should not be remanded for lack of subject matter jurisdiction. An appropriate response to this order would address the following three issues.

   First, "[w]hile diversity-destroying amendments are generally governed by 28 U.S.C. § 1447(e), amendments made before service of responsive pleading are generally governed by Federal Rule of Civil Procedure 15(a)." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999). The parties should therefore discuss which of these two rules governs the present case.

   Second, assuming Rule 15(a) applies, the parties should address whether Plaintiff had the right to amend its Complaint under Federal Rule of Civil Procedure 15(a)(1).

---

[1] A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-07114 BRO (SSx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | SUMMIT ON SIXTH HOMEOWNERS ASSOCIATION V. BIG ROCK PARTNERS, LLC ET AL. | | |

Pursuant to Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff served its original Complaint in this matter on August 15, 2014 but did not file its First Amended Complaint until October 2, 2014, well after twenty-one days had passed. (*See* Dkt. Nos. 8, 11.) Moreover, Defendants have filed neither an answer to Plaintiff's Complaint nor a motion under Rule 12. And a notice of removal does not constitute a responsive pleading. *See Erdman v. HSBC Auto Fin.*, 09-CV-125S, 2010 WL 584002, at *1 (W.D.N.Y. Feb. 16, 2010) ("Courts that have addressed this specific issue have found that a notice of removal is not a 'responsive pleading.'"); *Am. Home Assurance Co. v. Altman Specialty Plants, Inc.*, 08 CIV 7504(PGG), 2009 WL 222158, at *3 (S.D.N.Y. Jan. 26, 2009) ("Neither the AIG Companies' petition of removal in the California action nor the Petition in this Court constitutes a responsive pleading to the Complaint."). It is thus unclear that amendment was proper in this instance.

In evaluating whether amendment would be proper under Rule 15, the parties should discuss the principle that "the first amended complaint may not be used to defeat the removal of plaintiff's case to federal court." *Lyster v. First Nationwide Bank Fin. Corp.*, 829 F. Supp. 1163, 1165 (N.D. Cal. 1993) (citing 6 Charles Alan Wright et al., Federal Practice & Procedure: Civil § 1477, at 562 (2d ed. 1990) ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."); *accord Peralta Cmty. Coll. Dist. v. United Nat'l Ins. Co.*, No. 04-03287 SC, 2004 WL 2254621, at *1 (N.D. Cal. Oct. 5, 2004) ("Notwithstanding the general rule, a plaintiff may not file as a matter of course an amended complaint if the effect would be to destroy diversity of the parties."); *Clinco*, 41 F. Supp. 2d at 1086–87 (finding that "Rule 15(a) does not apply to allow permissive amendment destroying diversity jurisdiction" because "[t]o apply the permissive standard of Rule 15(a) in this situation would allow a plaintiff to improperly manipulate the forum of an action, a result that is quite different from the policies of Rule 15(a) and contrary to other policies that apply in this context"). The parties should therefore address whether this principle prohibits Plaintiff from adding Defendants who defeat diversity in this case.

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 14-07114 BRO (SSx)** | Date | October 9, 2014 |
|---|---|---|---|
| Title | **SUMMIT ON SIXTH HOMEOWNERS ASSOCIATION V. BIG ROCK PARTNERS, LLC ET AL.** | | |

    Finally, the parties should address whether joinder of these newly added California Defendants would be proper under 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Ninth Circuit has interpreted section 1447(e) to require a district court sitting in diversity, once it has permitted the joinder of a non-diverse party, to remand the case back to state court. *See Yniques v. Cabral*, 985 F.2d 1031, 1036 (9th Cir. 1993), *disapproved of on other grounds by McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999); *accord Clark v. KMart Corp.*, 2:10-CV-04047-JHN, 2010 WL 4235852, at *2 (C.D. Cal. Oct. 18, 2010) ("Because the Court concludes that Plaintiff has stated a claim against Cleary, his presence in the lawsuit is proper, but defeats the Court's diversity jurisdiction. Remand is therefore necessary."). Thus, if joinder of these parties is proper under section 1447(e), the Court must remand this case back to state court.

    Each party's response to this order to show cause must be no longer than twenty (20) pages and comply with this Court's formatting requirements. Each party is ordered to respond by no later than **4 p.m. on Thursday, October 30, 2014**.

    **IT IS SO ORDERED.**

| | : | |
|---|---|---|
| | Initials of Preparer | rf |